```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
                                        )
UNITED STATES OF AMERICA                )
                                        )
            v.                          )   CR. NO. 04-10375-RWZ
                                        )
MICHAEL PRIDGEN                         )
                                        )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS STATEMENTS

**Introduction**

The government submits it opposition to Defendant's Motion to Suppress Statements, referred to here as the "Motion." By the Motion, the defendant seeks to suppress statements he made to the police before, during and afer his arrest. For the reasons set forth below, the Motion should be denied.

**Facts**[1]

The defendant's motion rests on a version of events that are essentially incorrect. On October 29, 2004 at approximately 10:55 a.m., Boston Police officers Michael Ross and Juan Seoane were on the second floor of the Roxbury District Court when they heard what they believed were gun shots outside of the courthouse. The officers looked outside and saw several people running toward the courthouse. The officers also observed Boston Police Officer Albert Rue running toward Warren Street and attempting to transmit on his radio.

Officers Ross and Seoane ran outside to investigate and

---

[1] The government expects that the following evidence would be adduced at an evidentiary hearing.

witnesses directed them toward the intersection of Warren Street and Dudley Street.  When the officers arrived at that intersection, a Boston tow truck driver and a civilian indicated that the suspect had run toward Warren Place.

A witness at Warren Place told Officer Ross that the suspect ran around to the back of a newly constructed home at 8 Warren Place.  At the same time, nearby construction workers working on top of a roof told officer Ross that the suspect went toward the rear yard of 8 Warren Place.  One of the workers subsequently told the police that the suspect was holding a silver colored handgun.

As Officer Ross proceeded down the driveway at that address, a man later identified as the defendant was walking towards him from the back yard, dressed in a white shirt, blue jeans, and white sneakers.  Officer Ross detained the defendant without incident and brought him to the front of the house.  No one struck the defendant at any time.  After other Officers arrived, Officer Ross went to the back yard, which was enclosed by a chain link fence, and confirmed that there were no other individuals in the area.

Officer Ross also observed what appeared to be fresh foot prints in the dirt leading from the driveway to the rear fence.  On the other side of the fence, Officer Ross saw a rolled up black sweatshirt.  Underneath the sweatshirt, Officers found a

silver colored, Smith and Wesson, 357 Model 65 revolver, bearing serial number 7D12564.  The gun was loaded with 4 live rounds, 3 rounds of .357 caliber ammunition and 1 round of 38 caliber ammunition.  Two spent rounds were also found in the gun, indicating it had been fired at least twice.

Two witnesses who had seen the suspect run behind 8 Warren Place subsequently told the police that the defendant was in fact the person they had seen run behind the house.  One of the witnesses stated that the defendant, now in a white shirt, had in fact been wearing a black sweatshirt when he first ran behind the house.

Based on these events, the defendant was placed under arrest, notwithstanding his claim that he had merely run to the back of the house after hearing gun shots, and then decided to use the construction workers' toilet there.  Subsequently, at the station, and after being advised of his Miranda rights, but not in response to any interrogation, the defendant offered that he had just gotten off the bus and was going to the store, but then decided to use the toilet.

### **Argument**

**THE DEFENDANT WAS NOT SUBJECTED TO CUSTODIAL INTERROGATION IN VIOLATION OF HIS MIRANDA RIGHTS.**

<u>Legal Framework</u>

In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), the Supreme

Court held that "certain warnings must be given before a suspect's statement made during custodial interrogation could be admitted in evidence." see also Dickerson v. United States, 530 U.S. 428 (2001).  As is common knowledge, the Miranda warnings include the right to remain silent and the right to an attorney.  Officers are required to respect a suspect's request for a lawyer and not initiate further interrogation. Oregon v. Bradshaw, 462 U.S. 1039, 1042-44 (1983).  However, before the Miranda rights attach, there must be custodial interrogation.  As a general rule, interrogation has been defined for this purpose as express questioning or its functional equivalent, which includes  "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."   Pennsylvania v. Muniz, 496 U.S. 582, 600-01 (1990) (quoting Rhode Island v. Innis, 446 U.S. 291 (1980)).

    Analysis

    In light of the foregoing, the defendant's claim fails easily.  As an initial matter, the defendant does not seriously contest that there was probable cause to arrest the defendant based on all the evidence.  The claim that the police thereafter elicited statements from the defendant in violation of his rights under Miranda also fails because the statements at issue did not arise during custodial interrogation.  As an initial matter, no

one forced the defendant to the ground and repeatedly struck him, or struck him at all, and the backdrop that he seeks to create as context for the few benign statements he did make, one of a violent, hostile and coercive environment, simply never existed. Moreover, the statements the defendant did make, by their very nature, show themselves to be nothing more than unsolicited statements made by an arrestee trying to distance himself from incriminating evidence rather than statements made in response to formal questions.  In short, the statements at issue were not obtained in violation of Miranda.

### Conclusion

Because there was probable cause to arrest the defendant, and because the defendant's statements were unsolicited and not the product of custodial interrogation, the motion to suppress should be denied.

>                       Respectfully submitted,
>                       MICHAEL J. SULLIVAN
>                       United States Attorney
>
> BY:   /s/Donald L. Cabell
>       Donald L. Cabell
>       Assistant U.S. Attorney
>       One Courthouse Way, Suite 9200
>       Boston, MA 02210
>       (617) 748-3105