UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )
                                  )
MICHAEL PRIDGEN                   )     CR. NO. 04-10375-RWZ
                                  )

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests for jury instructions in the above-captioned action.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  <u>/s/Donald L. Cabell</u>
     DONALD L. CABELL
     Assistant U.S. Attorney

## TABLE OF CONTENTS

Instruction No.

1       Presumption of Innocence; Burden of Proof; Reasonable Doubt

2       Function of the Jury

3       Direct and Circumstantial Evidence; Inferences

4       Credibility of Witnesses

5       Credibility -- Prior Inconsistent Statements

6       Expert Testimony

7       Stipulations of Fact

8       Punishment

9       "On or About"

10      [Read Count One of the Indictment]

11      Proof May be Disjunctive

12      Prior Felony Conviction

13      Possession -- Actual and Constructive

14      Ammunition

15      Knowledge

16      Proof of Knowledge

17      Interstate Commerce

## INSTRUCTION NO. 1

### PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime. Like every criminal case, the defendant is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt with respect to every element of the offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged. This burden of proof rests on the United States and never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is

## INSTRUCTION NO. 1 (Cont.)

### PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

not doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is doubt based on reason and common sense. Reasonable doubt is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charges to an absolute or mathematical certainty since there are few things in this world that we can know with absolute certainty. Thus, the law does not require that the United States prove its case to the same degree of certainty that you all have when you add two plus two and get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Pattern Criminal Jury Instructions, §S21, Federal Judicial Center (1982); United States v. DeVincent, 632 F.2d 147, 152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980)(reasonable doubt); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987) United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

## INSTRUCTION NO. 2

## FUNCTION OF THE JURY

The function of you as jurors is to determine the facts. You are the sole and exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence. You also decide the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charges that the United States has brought against him.

You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate or guess what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict. Instead,

**INSTRUCTION NO. 2 (Cont.)**

**FUNCTION OF THE JURY**

you must confine your deliberations to the evidence and nothing
but the evidence.

See Devitt and Blackmar, Federal Jury Practice and Instructions,
§ 15.01 (3d ed. 1977 and 1990 cum. supp.).

## INSTRUCTION NO. 3

### DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial.  That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is evidence of what a witness sees, hears, touches, or in some other way perceives with one of his or her senses.  Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved, but you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference?  Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

### INSTRUCTION NO. 3 (Cont.)

### DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

United states v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v . Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

**INSTRUCTION NO. 4**

**CREDIBILITY OF WITNESSES**

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the witnesses' testimony.  What do I mean by credibility?  That is simply a three-dollar word for "believability."  It is your function and your function alone to determine the believability of the witnesses who came forward and testified.  You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you.  You're free to do that in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying?  Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this important judgment about credibility.  I can suggest to you, however, some of the things that you should consider in making that judgment.  You should consider, for example, the conduct and demeanor of the witness while testifying, the frankness or lack of frankness that the witness showed while testifying, the reasonableness or the

**INSTRUCTION NO. 4 (Cont.)**

**CREDIBILITY OF WITNESSES**

unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, and whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event.  You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United states v. Hardy, No. 91-10180-K, charge to the Jury (D.Mass. Nov, 13, 1991) (Keeton, J.).

**INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS**

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions - Criminal Cases, §6.1, District Judges Association, Eleventh Circuit (1985).

## INSTRUCTION NO. 6

### EXPERT WITNESSES

You may have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability or the methods used, and all the other evidence in the case.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §15.22 (3rd ed. 1977) (modified).

## INSTRUCTION NO. 7

### STIPULATIONS OF FACT

During the presentation of evidence, stipulations between the government and the defendants may have been read to you. This means simply that both sides accept as fact the proposition stated in the stipulation.  In other words, there is no disagreement as to that fact and you must accept it as fact.

See Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988).

## INSTRUCTION NO. 8

### PUNISHMENT

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty solely on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.02 (3d ed. Supp. 1982).

## INSTRUCTION NO. 9

### "ON OR ABOUT"

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date.  The proof need not establish with certainty the exact dates of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

1 Mod. fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## INSTRUCTION NO. 10

[Read Count One of the Indictment]

Count One of the Indictment charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition in or affecting commerce.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

1.   That, at the time of possession, the defendant was a felon, that is, he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.   That the defendant knowingly possessed the firearm or ammunition at issue; and

3.   That such possession was in or affecting commerce.

18 U.S.C. §922(g)(1); <u>United States v. Ramos</u>, 961 F.2d 1003 (1st Cir. 1992).

## INSTRUCTION NO. 11

## PROOF MAY BE DISJUNCTIVE

Although the Indictment charges the defendant with possessing a firearm <u>and</u> ammunition, that is, using the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used. That is to say, assuming all other elements have been proven beyond a reasonable doubt, you may convict the defendant if you find that he possessed a firearm or ammunition.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions, Criminal Cases</u>, § 1.21 (1990); 1 Edward J. Devitt, <u>et al</u>., <u>Federal Jury Practice and Instructions</u>, § 18.02 (4th ed. 1990).

**INSTRUCTION NO. 12**

**PRIOR FELONY CONVICTION**

The first element of Count One which the government must prove to you beyond a reasonable doubt is that the defendant had previously been convicted of a felony offense at the time of the alleged offense in this case, that is, as of October 29, 2004. The parties have stipulated that the defendant had been convicted of such an offense. Thus you may accept that element as proven beyond a reasonable doubt.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §59.38 (3d ed. 1977 and 1990 cum. supp.); Sand, <u>Modern Federal Jury Instructions</u>, No. 35053 91989); <u>United States v. Williams</u>, 588 F.2d 92, 92093 (4th Cir. 1978) (per curiam).

## INSTRUCTION NO.13

### POSSESSION -- ACTUAL AND CONSTRUCTIVE

The second element which the government must prove to you beyond a reasonable doubt is that the defendant knowingly possessed the firearm or ammunition.

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others. For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely

### INSTRUCTION NO.13 (Cont.)

### POSSESSION -- ACTUAL AND CONSTRUCTIVE

with one person or may be shared jointly by two or more persons.

It is not necessary to prove that the defendant owned the firearm

and ammunition to prove possession.  The element of possession is

proved if you find beyond a reasonable doubt that either

defendant had actual or constructive possession, either alone or

jointly with others, of the firearm and ammunition charged in the

indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United
States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 510
U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); United States v.
Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v.
Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v.
Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores,
679 F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148
(1983); United States v. Alverson, 666 F.2d 341, 345-46 (9th Cir.
1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.),
cert. denied, 414 U.S. 866 (1973); Devitt and Blackmar, Federal
Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990);
and Sand, Modern Federal Jury Instructions, No. 35-54 (1989).

## INSTRUCTION NO. 14

## FIREARM AND AMMUNITION

The possession to which I have referred must be of a
"firearm" or "ammunition."  The term "firearm" means any weapon
which will or is designed or may readily be converted to expel a
projectile by the action of an explosive; the frame or receiver
of any such weapon; any firearm muffler or firearm silencer; or
any destructive device.  This definition of "firearm" includes
handguns, rifles, and shotguns.  The term "ammunition" means any
ammunition or cartridge cases, shotgun-shells, primers, bullets,
or propellant powder designed for use in any firearm.

19 U.S.C. §§921(a)(3); 921(a)(17)(A).

## INSTRUCTION NO. 15

### KNOWLEDGE

The government must also establish beyond a reasonable doubt that the defendant was in knowing possession of the firearm or ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing the firearm or ammunition. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm or ammunition as charged in the indictment.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.04 (3d ed. 1977 and 1990 cum. supp.).

## INSTRUCTION NO. 16

## PROOF OF KNOWLEDGE

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendants, all of the facts and circumstances surrounding their conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993).

## INSTRUCTION NO. 17

## INTERSTATE COMMERCE

The third element of Count One that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of the firearm or ammunition was in or affecting commerce.  The term "in or affecting commerce" simply means that the firearms or ammunition must have had some minimal link to interstate commerce.  This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or any of the rounds of ammunition, any of them moved across a state line or international boundary. Thus, if it is established that the firearm or any of the ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendants in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state and carried it into Massachusetts.  Nor must the government prove who did purchase the firearm or ammunition or how it arrived in Massachusetts.  In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines before the time that the defendant allegedly sustained his felony conviction.  All that is required is proof that the firearm or ammunition had traveled in

### INSTRUCTION NO. 17 (Cont.)

### INTERSTATE COMMERCE

interstate commerce by moving across a state or national boundary
line at any time prior to the defendant's alleged possession of
the firearm or ammunition -- in this case, October 29, 2004.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Devitt and Blackmar, Federal Jury Practice and Instructions,
§59.40 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal
Jury Instructions, No. 35-55 (1989).