UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10375 RWZ |
| ) | |
| MICHAEL PRIDGEN ) | |
| ) | |

MOTION TO EXCUSE JUROR OR IN THE ALTERNATIVE
FOR A MISTRIAL

    Now comes the defendant through counsel and asks that this Court excuse the juror who came forward after empanelment on July 24, 2004, to say that she could not presume that the defendant was innocent. In the alternative the defendant moves for a mistrial. In support thereof the defendant states:

    1. After the jury was empaneled, but before the jury was sworn, in the above-numbered case on July 24, 2004, one juror came forward to state that she could not presume the defendant was innocent because, in essence, since he was charged with a crime, she thought he must be guilty. The Court questioned the juror concerning her problem and concluded that she should not be excused. That juror remains on the jury.

    2. Counsel requested that the juror be excused for cause and objected to the Court's denial of that request but was not permitted to fully state her reasons on the record at the time of her objection. The juror is a female and appears to be in her early twenties. The Court first questioned the juror about her problem at side bar but in full hearing of the other members of the jury. At defense counsel's request the conference was moved to the side of the bench away from the jury but the jury was still present in the jury box while the judge questioned her. The juror was visibly nervous and swallowed repeatedly while explaining her reservations about

being on the jury and while the Court questioned her. It appeared to counsel that the juror was intimidated and embarrassed. It remained unclear whether she agreed with the Court's statements about following the instructions of the Court and presuming the defendant's innocence.

3. The defendant cannot receive a fair trial if a juror is seated who presumes that he is guilty because he is charged with a crime. In *United States v. Hill*, 738 F.2d 152, (6th Cir. 1984) the Court held that a juror should not be seated if she expressed her "incapacity to accept the proposition that a defendant is presumed to be innocent despite the fact that he has been accused in an indictment or information." *Id*. at 154, quoting *United States v. Blount*, 479 F. 2d 650 (6th Cir. 1973). The Court went on to acknowledge that "careful counsel would exercise a peremptory challenge if a juror replied that he could accept this proposition of law on an intellectual level but that it troubled him viscerally because folk wisdom teaches that where there is smoke there must be fire." *Id*. See also *Wainwright v. Witt*, 469 U.S. 412, 424 (1985) (standard for determining whether juror should be excluded for cause in capital case is whether juror's views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath").

4. The juror here expressed her view that she could not presume the defendant's innocence and the Court's questioning of the juror did not demonstrate that the juror could set aside that view and follow the instructions of the Court. The juror should be excused for cause.

5. Alternatively, the juror should be excused because had this information been

available to counsel prior to exercising her peremptory challenges, counsel would have exercised a challenge to remove this juror.

6. As there are thirteen jurors presently seated, there would still be twelve jurors remaining if the juror in question were removed and the trial could proceed without an alternate juror.

7. In the alternative, the defendant moves for a mistrial.

MICHAEL PRIDGEN
By his attorney,

/s/ Page Kelley
Page Kelley
  B.B.O. #548237
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

Date: July 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 25, 2006.

 /s/ Page Kelley
Page Kelley